# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY B. LEGGETT,**

        **Plaintiff,**

        **v.**                                                  **Case No. 04-C-0422**

**MILWAUKEE COUNTY
DETENTION CENTER,**

        **Defendant.**

## DECISION AND ORDER

       The Plaintiff, Mary B. Leggett ("Leggett"), filed her *pro se* complaint in this Court on April 30, 2004, alleging that she was discriminated against by her employer, based on her sex, in violation of Title VII of the Civil Rights Act of 1964. By order of the Court dated December 2, 2004, Leggett was granted permission to proceed *in forma pauperis*. In a scheduling order dated April 6, 2005, the Court required the parties to serve their Rule 26 disclosures by June 14, 2005. On the prescribed date, Leggett sent the Court a missive stating that she was unable to comply with the initial disclosure deadline because she lacked legal representation. Leggett further stated that financial hardship was hampering her efforts to retain counsel and, accordingly, she requested additional time to continue her search.

       Rule 16 of the Federal Rules of Civil Procedure states that a Court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge

or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16. The Court may modify a schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, 1983 advisory committee's note.

The Court is skeptical that Leggett has demonstrated "good cause." Leggett's action was filed in April of 2004, and the Court entered its scheduling order on April 6, 2005. Leggett has had ample time to secure counsel. Even if the Court were to assume that Leggett has been diligent in her attempts to obtain representation, her *pro se* status does not excuse her failure to comply with this Court's scheduling order. A litigant does not need an attorney to provide Rule 26 initial disclosures.

Nevertheless, the Court will grant Leggett an extension of time in which to file her Rule 26 disclosures. The Court broadly construes Leggett's letter as requesting time both to complete her disclosures *and* to continue her search for counsel. The latter does not constitute "good cause" justifying an extension under Rule 16. However, the Court assumes that Leggett has assiduously attempted to complete her disclosures in a timely fashion, was unable to meet the established deadline, and requires more time to make the proper disclosures.

Though granting her an extension, the Court reminds Leggett that she cannot delay the progress of her suit indefinitely. She, as the party who brought the current action, is responsible for continuing its prosecution, with or without representation. Though Leggett is currently unrepresented, she is responsible for complying with all relevant local and federal

2

rules of procedure. Her failure and/or inability to find representation does not give her a free pass to extend this litigation unnecessarily and will not fend off the consequences of failing to comply with court-mandated deadlines and orders. *See Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Leggett shall serve her Rule 26 initial disclosures upon the Defendant no later than July 18, 2005.

Dated at Milwaukee, Wisconsin this 1st day of July, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**