# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY B. LEGGETT,**

        **Plaintiff,**

    **v.**                                                                                **Case No. 04-C-0422**

**MILWAUKEE COUNTY**
**DETENTION CENTER,**

        **Defendant.**

## DECISION AND ORDER

        The Plaintiff, Mary B. Leggett ("Leggett"), filed her *pro se* complaint in this Court on April 30, 2004, alleging that she was discriminated against by her employer, based on her sex, in violation of Title VII of the Civil Rights Act of 1964. By order of the Court dated December 2, 2004, Leggett was granted permission to proceed *in forma pauperis*. In a scheduling order dated April 6, 2005, the Court required the parties to serve their Rule 26 disclosures by June 14, 2005. That same order required Leggett to provide opposing counsel with her expert report(s) no later than April 7, 2006.

        On June 14, 2005, Leggett sent the Court a missive stating that she was unable to comply with the initial disclosure deadline because she lacked legal representation. Leggett further stated that financial hardship was hampering her efforts to retain counsel and, accordingly, she requested additional time to continue her search.

The Court granted Leggett's request, while explaining:

> The Court is skeptical that Leggett has demonstrated "good cause." Leggett's action was filed in April of 2004, and the Court entered its scheduling order on April 6, 2005. Leggett has had ample time to secure counsel. Even if the Court were to assume that Leggett has been diligent in her attempts to obtain representation, her *pro se* status does not excuse her failure to comply with this Court's scheduling order. A litigant does not need an attorney to provide Rule 26 initial disclosures.
>
> . . .
>
> Though granting her an extension, the Court reminds Leggett that she cannot delay the progress of her suit indefinitely. She, as the party who brought the current action, is responsible for continuing its prosecution, with or without representation. Though Leggett is currently unrepresented, she is responsible for complying with all relevant local and federal rules of procedure. Her failure and/or inability to find representation does not give her a free pass to extend this litigation unnecessarily and will not fend off the consequences of failing to comply with court-mandated deadlines and orders.

*Leggett v. Milwaukee County Detention Ctr.*, No. 2:04-cv-00422-RTR, slip op. at 2-3 (E.D. Wis. July 1, 2005).

Most recently, on April 10, 2006, the Court received another missive from Leggett explaining that she would not be able to timely file her expert report in accordance with the Court's April 6, 2005 scheduling order. That order required Leggett to submit her expert report(s) by April 7, 2006. Leggett seeks more time because she does not have an attorney due to her financial circumstances and requires more time to secure representation. Leggett's missive to the Court, seeking an extension of time, is dated April 7, 2006. The Court construes Leggett's letter as a motion for extension of time.

Rule 6(b) of the Federal Rules of Civil Procedure governs the enlargement of prescribed time periods:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

Fed. R. Civ. P. 6(b). The Court received Leggett's letter after the time for submitting her expert report had passed. Even if the Court generously looks to the letter's composition date–the very day when the expert report was due, the analysis does not ultimately change.

When a party moves the Court for an extension, either before or after a deadline, the party must show cause why the Court should exercise its discretion and grant the requested extension. Leggett filed her action in April of 2004, almost two years ago. Her most recent letter is not simply a request for an extension of time in which to submit an expert report; it is yet another request for time to secure representation. The Court granted a prior extension on those very same grounds related to Leggett's untimely Rule 26 disclosures. That order issued in July of 2005, almost nine months ago. Now, Leggett seeks another unspecified extension of time for the very same reason.

Leggett has been unable to secure representation though her action has been pending for almost two years. Nevertheless, the Court clearly stated, in its July 1, 2005 order, that Leggett's "inability to find representation does not give her a free pass to extend this

3

litigation unnecessarily and will not fend off the consequences of failing to comply with court-mandated deadlines and orders." *Leggett v. Milwaukee County Detention Ctr.*, No. 2:04-cv-00422-RTR, slip op. at 3 (E.D. Wis. July 1, 2005). The Court reiterates: Leggett, "as the party who brought the current action, is responsible for continuing its prosecution, with or without representation." *Id.* at 2. During the almost two-year pendency of this action, Leggett has been proceeding *pro se*. That status did not sneak up on her overnight. And, while the Court previously granted an extension based on Leggett's representation that she was attempting to obtain counsel, that same drum cannot be beat now, nine months later. Leggett has failed to provide any reasonable justification for why this Court should extend the deadline for submitting her expert reports.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Leggett's Motion for an Extension of Time (Docket No. 17) is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of April, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**